IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

GERALDINE WINONA HAMMONS, :
:
    Plaintiff, :
:
v. : CIVIL ACTION 07-0358-M
:
MICHAEL J. ASTRUE, :
Commissioner of :
Social Security, :
:
    Defendant. :

MEMORANDUM OPINION AND ORDER

In this action under 42 U.S.C. §§ 405(g) and 1383(c)(3), Plaintiff seeks judicial review of an adverse social security ruling which denied claims for Disability Insurance Benefits, Disabled Widow's Insurance Benefits, and Supplemental Security Income (hereinafter *SSI*) (Docs. 1, 17).  The parties filed written consent and this action has been referred to the undersigned Magistrate Judge to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73 (*see* Doc. 25).  Oral argument was waived in this action (Doc. 23).  Upon consideration of the administrative record and the memoranda of the parties, it is **ORDERED** that the decision of the Commissioner be **AFFIRMED** and that this action be **DISMISSED.**

This Court is not free to reweigh the evidence or substitute

its judgment for that of the Secretary of Health and Human Services, *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983), which must be supported by substantial evidence.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  The substantial evidence test requires "that the decision under review be supported by evidence sufficient to justify a reasoning mind in accepting it; it is more than a scintilla, but less than a preponderance."  *Brady v. Heckler*, 724 F.2d 914, 918 (11th Cir. 1984), *quoting Jones v. Schweiker*, 551 F.Supp. 205 (D. Md. 1982).

At the time of the administrative hearing, Hammons was fifty-two years old, had completed a high school education (Tr. 304), and had previous work experience as a construction electrician (Tr. 309).  In claiming benefits, Plaintiff alleges disability due to the residual effects of a heart attack and asthma (Doc. 19).

The Plaintiff filed applications for disability benefits, Widow's benefits, and SSI on November 22, 2004 (Tr. 70-76, 236-39, 247).  Benefits were denied following a hearing by an Administrative Law Judge (ALJ) who determined that although she could not return to her past relevant work, Hammons was capable of performing specified jobs in the sedentary and light work categories (Tr. 10-19).  Plaintiff requested review of the hearing decision (Tr. 270-71) by the Appeals Council, but it was denied (Tr. 6-9).

Plaintiff claims that the opinion of the ALJ is not supported by substantial evidence. Specifically, Hammons alleges that: (1) The ALJ failed to properly evaluate the findings and conclusions of her treating physician; and (2) the Appeals Council failed to properly consider newly-submitted evidence and this Court should remand this action, under sentence six of 42 U.S.C. § 405(g),[1] for consideration of the newly-submitted evidence (Doc. 17). Defendant has responded to—and denies—these claims (Doc. 19).

Plaintiff's first claim is that the ALJ did not accord proper legal weight to the opinions, diagnoses and medical evidence of her treating physician. Hammons has specifically referred the Court to the records of Dr. Danta C. Anderson (Doc. 17, p. 2). It should be noted that "although the opinion of an examining physician is generally entitled to more weight than the opinion of a non-examining physician, the ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion." *Oldham v. Schweiker*, 660 F.2d 1078, 1084

---

[1] "The court may, on motion of the Secretary made for good cause shown before he files his answer, remand the case to the Secretary for further action by the Secretary, and it may at any time order additional evidence to be taken before the Secretary, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding; and the Secretary shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm his findings of fact or his decision, or both, and shall file with the court any such additional and modified findings of fact and decision, and a transcript of the additional record and testimony upon which his action in modifying or affirming was based."

(5th Cir. 1981);[2] *see also* 20 C.F.R. § 404.1527 (2007).

Plaintiff first notes an office visit on December 19, 2005 at the Saraland Family Practice (Doc. 17, p. 2).[3]  On December 20, 2006, Dr. Danta C. Anderson completed an Asthma Form which states that Hammons has moderately severe asthma and that she experiences shortness of breath which can be triggered by walking four-to-five steps, climbing stairs, or changes in the weather; the doctor stated that these episodes occur five times a day (Tr. 235).  The doctor stated, however, that the recovery time for these episodes was a matter of seconds (*id.*).

The ALJ gave no evidentiary weight to this evidence, finding instead that there was other evidence of record which demonstrated that Plaintiff was capable of working (Tr. 16).  The Court notes that this is apparently all of the evidence considered by the ALJ that was provided by Dr. Anderson.  This brings us to Plaintiff's second claim.

---

[2]The Eleventh Circuit, in the *en banc* decision *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

[3]The Court notes that the mast lists only Dr. Mark A. McDaniel and the written notes are unsigned (Tr. 206).  The ALJ did not acknowledge the exhibit at all in his summary (*see* Tr. 15-16).  Though Defendant has objected to this exhibit as being part of the treating doctor's records (Doc. 20, p. 12 n.5), the Court will consider it as the asserted doctor, Dr. Danta C. Anderson, was a doctor in the Saraland Family Practice and, presumably, had access to the records.  Anderson may have, in fact, been the examining physician on December 19, 2005, though the Court cannot tell by the record.
   However, the Court, frankly, finds no particular evidence from that record which benefits Hammons's assertion of disability.

Hammons has also raised a claim that the Appeals Council failed to properly consider newly-submitted evidence and this Court should remand this action, under sentence six, for consideration of the newly-submitted evidence.  Plaintiff has asserted that she submitted evidence to the Social Security Administration on December 7, 2006, the day before the ALJ's decision was released (Doc. 17, p. 3; *cf.* Tr. 19).  The new evidence consisted of a functional capacities evaluation completed by Physical Therapist Wiley J. Christian, III at the request of Dr. Anderson as well as a clinical assessment of fatigue completed by Anderson (*see* Tr. 273-89).  Defendant has argued that this evidence should not be considered because it was considered by the Appeals Council which found it provided no basis for changing the ALJ's decision (Tr. 6).

The Court notes that "[a] reviewing court is limited to [the certified] record [of all of the evidence formally considered by the Secretary] in examining the evidence."  *Cherry v. Heckler*, 760 F.2d 1186, 1193 (11th Cir. 1985).  However, "new evidence first submitted to the Appeals Council is part of the administrative record that goes to the district court for review when the Appeals Council accepts the case for review as well as when the Council denies review." *Keeton v. Department of Health and Human Services*, 21 F.3d 1064, 1067 (11${}^{th}$ Cir. 1994).  However, "when the [Appeals Council] has denied review, we will

look only to the evidence actually presented to the ALJ in determining whether the ALJ's decision is supported by substantial evidence." *Falge v. Apfel*, 150 F.3d 1320, 1323 (11th Cir. 1998), *cert. denied*, 525 U.S. 1124 (1999).  The Court notes that the Eleventh Circuit Court of Appeals has further stated the following with regard to this issue:

> Sentence six allows the district court to remand to the Commissioner to consider previously unavailable evidence; it does not grant a district court the power to remand for reconsideration of evidence previously considered by the Appeals Council.  Because evidence properly presented to the Appeals Council has been considered by the Commissioner and is part of the administrative record, that evidence can be the basis for only a sentence four remand, not a sentence six remand.

*Ingram v. Commissioner of Social Security Administration*, 496 F.3d 1253 (11th Cir. 2007).

As noted earlier, the Appeals Council denied review of the additional evidence (Tr. 6).  Under *Ingram*, the Court finds that it has no discretion in remanding this action under sentence six and is limited to remanding only under sentence four.  The Court finds no merit in Plaintiff's second claim.

Returning to Hammons's first claim regarding her treating physician, the Court finds that the scant evidence provided by Dr. Anderson did not support a conclusion that she was disabled.  The Court finds that the ALJ's rejection of that evidence, in

favor of other evidence of record which supported a conclusion that Plaintiff could work, is supported by substantial evidence.[4]

Upon consideration of the entire record, the Court finds "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Perales*, 402 U.S. at 401. Therefore, it is **ORDERED** that the Secretary's decision be **AFFIRMED**, see *Fortenberry v. Harris*, 612 F.2d 947, 950 (5th Cir. 1980), and that this action be **DISMISSED**. Judgment will be entered by separate Order.

DONE this 13th day of December, 2007.

s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE

---

[4]The Court notes that although the ALJ did not specifically reference the evidence to which he was giving evidentiary weight, his decision with regard to Dr. Anderson's evidence is, nevertheless, supported by substantial evidence as the doctor's remarks rely strictly on subjective complaints and are not supported by any objective medical evidence.